UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Applicant, | ) ) | Case No. 1:06-mc-76 |
| v. | ) ) | Honorable Robert Holmes Bell |
| NORTHERN SEASONS, | ) ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) ) | |

This is an action brought by the Equal Opportunity Employment Commission (EEOC) pursuant to 42 U.S.C. § 2000e-9 to enforce an administrative subpoena served on respondent, Northern Seasons. On June 13, 2006, Chief Judge Robert Holmes Bell issued an order to show cause, requiring respondent to appear before me on July 17, 2006, at 11:00 a.m., in response to the application of the EEOC. A copy of the Chief Judge's order was served by the Clerk by U.S. mail on June 19, 2006. Northern Seasons did not respond to the order to show cause, nor did any representative appear on July 17, 2006.

The affidavits and other factual material before the court show that the EEOC is investigating a charge of discrimination filed by Annie Hadley, a former employee of Northern Seasons, who has alleged sexual harassment and retaliation. Respondent has ignored informal agency requests for information. Ultimately, the EEOC issued subpoena no. DT-06-01, dated October 7, 2005, requiring production of certain documentary information. The subpoena was issued

pursuant to 29 C.F.R. § 1601.16(a), and was delivered by certified mail to respondent's office. Respondent refused service of the subpoena on October 12, 2005, and has thereafter not complied.

The United States Court of Appeals for the Sixth Circuit reviews a district court decision to enforce an EEOC subpoena under an abuse of discretion standard. *See EEOC v. Rundway Express, Inc.*, 261 F.3d 634, 638 (6th Cir. 2001). The district court is not to determine whether the charge of discrimination is well founded, but must only satisfy itself that a statutory charge is on file and that the documents requested are relevant to the charge. Furthermore, if the employer contests the subpoena, the court must assess any allegation that the subpoena is too indefinite or has been made for an ulterior purpose. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *see also EEOC v. Technocrest Sys., Inc.*, 448 F.3d 1035, 1038-1040 (8th Cir. 2006). In the present case, the materials submitted by the EEOC satisfy its burden to show the pendency of a charge meeting the statutory requirements under Title VII and the relevance of the information sought. Respondent has not established any reason why the subpoena should not be enforced.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the court order respondent, Northern Seasons, to produce at the offices of the EEOC, Patrick V. McNamara Building, 477 Michigan Avenue, Room 865, Detroit, Michigan, within fourteen days of the court's order, all documents responsive to the EEOC's administrative subpoena no. DT-06-01, upon pain of contempt of court.

Dated:  July 18, 2006            /s/  Joseph G. Scoville
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).